BROSKY, Judge.
 

 Chris Brown appeals from the judgment of sentence of the trial court following his bench trial convictions of possession of a controlled substance (13.02 grams of cocaine) with intent to deliver
 
 [1]
 
 and possession with intent to use drug paraphernalia.
 
 [2]
 
 Pursuant to 18 Pa.C.S. § 7508(a)(3)(ii) appellant was sentenced to a three-to-six year term of imprisonment and ordered to pay a $15,000.00 fine regarding his conviction of possession of cocaine with intent to deliver. Appellant's sentence for possession of drug paraphernalia was “guilty without further penalty.”
 

 Appellant claims on appeal that (1) the trial court erred in permitting a police officer to testify regarding appellant’s intent to deliver the cocaine that he possessed; and, (2) the trial court erred in sentencing appellant pursuant to 18 Pa.C.S. § 7508(a)(3). We affirm the judgment of sentence of the trial court.
 

 The facts adduced at trial are as follows. On April 3, 1990, plainclothes Philadelphia Police Officer Samuel McClain was assigned to investigate possible illegal sales of controlled substances. While standing at the intersection of 54th and Berks Streets in Philadelphia Officer McClain heard and observed a man yell to and approach appellant. Appellant and the other man engaged in a brief conversation. The men also briefly argued about the “pricing of something.” N.T., 11/5/90, at 49. Appellant then handed the other man “a large amount of United States currency.”
 
 Id.
 
 at 46. The man then handed appellant a plastic bag
 
 *249
 
 which contained what was subsequently determined to be 13.02 grams of crack cocaine. A search of appellant revealed the aforementioned crack cocaine, one-hundred pink vial caps, eighteen empty plastic vials, a box of single-edge razor blades and $800.00 in United States currency.
 

 Appellant first claims that the trial court erred in permitting Philadelphia Police Officer John Boucher to give expert testimony regarding appellant’s intent to deliver the cocaine that he possessed. Appellant avers that Officer Boucher’s testimony regarding appellant’s intent to deliver “usurped the function of the fact finder” since said testimony related to “the ultimate issue ... in this case.” Appellant’s Brief at 8. Appellant further avers that the element of intent to deliver in the instant case is “well within the ordinary knowledge and understanding of the average person”, and, hence, no expert testimony was necessary.
 
 Id.
 

 Prior to Officer Boucher’s testimony, Officer McClain testified regarding the circumstances surrounding appellant’s arrest. McClain also presented detailed testimony regarding the crack cocaine and drug paraphernalia that were seized from appellant.
 

 Officer Boucher testified as an expert witness regarding appellant’s intent to deliver the crack cocaine that he possessed.
 
 [3]
 
 Boucher was a narcotics investigator and had participated in approximately 1,600 seizures of cocaine and/or crack-cocaine. He had received extensive training regarding the packaging and distribution of cocaine, crack cocaine and other controlled substances and had served as an expert witness in over 600 cases that involved the “packaging and distribution” of cocaine and/or crack cocaine. N.T., 11/5/90, at 64.
 

 The prosecutor asked Officer Boucher to give his opinion, based upon his expertise regarding the packaging and distribution of crack cocaine and Officer McClain’s testimony
 
 *250
 
 describing the cocaine and drug paraphernalia seized from appellant, regarding whether appellant possessed all of the seized items for his personal use or rather with the intent to deliver or distribute the cocaine. Boucher responded that, in his opinion, “the items were possessed with the intent to deliver to others.”
 
 Id.
 
 at 66. Officer Boucher then proceeded to justify his opinion. Boucher opined that the cost for 13.02 grams of crack cocaine would be approximately $800 to $1000.
 
 Id.
 
 He stated that if a user, as opposed to a dealer, possessed that amount of cash to spend for crack cocaine “he would buy ... cocaine hydrochloride, which is ... powdered cocaine, and make his own crack.”
 
 Id.
 
 Boucher stated that this could be accomplished by placing the cocaine hydrochloride and baking soda in boiling water and then collecting the residue through a paper coffee strainer; once the residue cools it constitutes crack cocaine.
 
 Id.
 
 at 67. This simple procedure allows a user to double the amount of crack cocaine that he has to satisfy his habit.
 
 Id.
 
 Boucher also stated that a user would not have possessed eighteen empty vials; once a user consumes the contents of a vial he then discards the vial.
 
 Id.
 
 at 68. Officer Boucher further stated that the razor blades are used by a dealer to cut small chunks from the larger mass of crack-cocaine and place them into individual vials.
 
 Id.
 
 Appellant contends that Officer Boucher’s testimony invaded the province of the finder of fact since it related to an “ultimate issue.”
 

 Our Court stated in
 
 Palmer v. Lapp,
 
 392 Pa.Super. 21, 572 A.2d 12 (1990),
 

 Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion. If a witness has any reasonable pretension to a specialized knowledge on the subject under investigation she may testify, and the weight to be given to her testimony is for the trier of fact. Although the witness must demonstrate some particular knowledge or skill, there is no requirement that a witness acquire that knowledge as a result of formal schooling; expertise
 
 *251
 
 acquired by experience is expertise nonetheless. The determination of whether a witness is a qualified expert involves two inquiries: When a witness is offered as an expert, the first question the trial court should ask is whether the subject on which the witness will express an opinion is so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman. If the subject is of this sort, the next question the court should ask is whether the witness has sufficient skill, knowledge, or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth. [Citations omitted.]
 

 Id.,
 
 392 Pa.Superior Ct. at 27-28, 572 A.2d at 15-16.
 

 Our Court has confronted the issue of whether a police officer may give expert testimony in regard to whether a criminal defendant possessed drugs with the intent to deliver rather than for personal use. In
 
 Commonwealth v. Johnson,
 
 358 Pa.Super. 435, 517 A.2d 1311 (1986), we stated that a police officer, who had qualified as an expert witness, could give opinion evidence that a defendant possessed drugs with the intent to deliver, regardless of whether the defendant was charged with that particular crime.
 
 Id.
 
 Our Court further stated,
 

 The opinion of the witness[ ] possessing such knowledge is permitted as an aid to the jury. This is true even when the expert expresses an opinion on the ultimate issue before the jury. When opinion evidence is properly admitted, as in the instant [situation], it is then for the jury [or the trial court] to determine its credibility. The jury is free to reject it, accept it, or give it some weight between the two. [Citations omitted.]
 

 Id.,
 
 358 Pa.Superior Ct. at 444, 517 A.2d at 1316. A witness may testify to an ultimate issue only in those instances where the admission will not cause confusion or prejudice.
 
 Kozak v. Struth,
 
 515 Pa. 554, 531 A.2d 420 (1987). Expert opinion testimony will be admitted only if it is based upon facts which are of record.
 
 Commonwealth v. Rounds,
 
 518 Pa. 204, 542 A.2d 997 (1988). This requirement enables the factfinder to determine whether to accept or reject the
 
 *252
 
 opinion testimony, based upon,
 
 inter alia,
 
 whether it believes the facts upon which the opinion is based.
 
 Id.
 

 In
 
 Commonwealth v. Ariondo,
 
 397 Pa.Super. 364, 580 A.2d 341 (1990), our Court, while addressing a sufficiency of the evidence claim, stated, “Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.”
 
 Id.,
 
 397 Pa.Superior Ct. at 383, 580 A.2d at 350-51. In addition, in
 
 Commonwealth v. Robinson,
 
 399 Pa.Super. 199, 582 A.2d 14 (1990), this Court, while addressing a sufficiency of the evidence claim, indirectly stated that a police officer may give expert testimony regarding whether a defendant possessed drugs with intent to deliver rather than for personal use.
 

 In
 
 Commonwealth v. Daniels,
 
 480 Pa. 340, 390 A.2d 172 (1978), wherein the defendant was charged with the homicide of a twenty-one year old retarded young man that defendant had subjected to physical abuse, our Supreme Court held that a forensic pathologist did not “usurp the function of the jury” when he expressed an opinion on an ultimate issue. The pathologist stated that, in his opinion, the manner of the decedent’s death was homicide. The Supreme Court stated,
 

 As applied to the expression of an expert’s opinion, the phrase ‘usurping the function of the jury’ is, as Dean Wigmore has well said, normally ‘a mere bit of empty rhetoric.’ VII Wigmore, Evidence § 1920, at 17 (3d ed. 1940). ‘The witness, in expressing his opinion, is not attempting to usurp the jury’s function; nor could he if he desired ... because the jury may still reject his opinion and accept some other view____ Even when the very point in issue is to be spoken to, the jury should have help if it is needed.’ [Citations omitted.]
 

 Id.,
 
 480 Pa. at 352, 390 A.2d at 172.
 

 Appellant cited
 
 Kozak v. Struth, supra,
 
 in his appellate brief. Our Supreme Court reversed and remanded that
 
 *253
 
 case for a new trial since an expert witness gave improper testimony before a jury. The Supreme Court stated, “In Pennsylvania, experts have not been permitted to speak generally to the ultimate issue nor to give an opinion based on conflicting evidence without specifying which version they accept.”
 
 Id.,
 
 515 Pa. at 559, 531 A.2d at 422. The expert witness in that case improperly evaluated the credibility of the victim, improperly implicitly gave an opinion regarding conflicting evidence without stating which version he accepted and also improperly gave opinion testimony based upon irrelevant and prejudicial facts not of record. In contrast, the expert in the instant case testified regarding undisputed facts of record, and, gave no testimony regarding the credibility of appellant. Furthermore, in
 
 Kozak,
 
 our Supreme Court recognized our Court’s decision to permit expert and lay witnesses to give testimony regarding the ultimate issue in a case, provided that testimony will not cause confusion or prejudice.
 
 Id.,
 
 515 Pa. at 562, 531 A.2d at 424. Hence,
 
 Kozak
 
 is not in conflict with the instant case nor the cases cited herein,
 
 supra.
 

 Appellant also cites
 
 Commonwealth v. Carter,
 

 [4]
 

 403 Pa.Super, 615, 589 A.2d 1133 (1991), in which a panel of this Court reversed and remanded for a new trial, based upon the improper expert testimony, before a jury, of two police officers. The officers testified that they observed that defendant converse with three separate individuals, remove an object from a container and “exchange[] something with” each of the individuals.
 
 Id.
 
 The container was subsequently found to contain twelve balloon packets of heroin.
 

 [T]he [same] officers were offered as experts in order to elicit testimony on the street value of drugs, the habits of users, the quantity that would be purchased or possessed at one time, the usual dosage, signs of abuse, and whether the pattern of activity observed by the police officers was consistent with the usual pattern of narcotics transactions.
 

 
 *254
 

 Id.,
 
 403 Pa.Superior Ct. at 617, 589 A.2d at 1134. One of the officers was asked if, based on his training and experience, he had an opinion regarding what transpired during the interaction between that defendant and the three individuals. The officer responded that, “[I]n his opinion he believed [that defendant] was ‘dealing narcotics.’ ”
 
 Id.
 
 Our Court found this testimony to be “cumulative and prejudicial [, since] [t]he facts presented were easily assessed by an ordinary layperson, and in making the necessary inferences from these facts, the assistance of one claiming to possess special knowledge upon the subject was not required.”
 
 Id.
 
 The Court found that, if the officers’ testimony regarding appellant’s actions was found to be credible, then it was obvious to an ordinary person that a drug transaction had transpired, and any expert opinion regarding what had transpired would be prejudicial since it would invite the trier of fact to abdicate its responsibility and defer to the assessment of the expert.
 
 Id.
 

 In
 
 Carter,
 
 our Court recognized that police officers may give expert testimony, based upon a quantity of drugs in possession of a defendant, regarding whether the facts surrounding the possession were consistent with an intent to deliver rather than for personal use.
 
 Id.
 
 However, our Court stated that if police officers observe a “transaction” and there is testimony regarding the observed transaction, a police expert witness may not opine that the defendant involved in that transaction possessed with intent to deliver.
 
 Id.
 

 We find
 
 Carter
 
 distinguishable from the instant case. First,
 
 Carter
 
 implicitly only referred to “transactions”. in which a defendant was observed
 
 selling
 
 drugs; any police testimony heard by a jury regarding a sale by a defendant; coupled with police expert testimony that a defendant possessed with intent to deliver, would be prejudicial, and, depending upon the facts adduced regarding the particular sale, cumulative. However, the police in the instant case testified that they observed appellant
 
 buy
 
 the drugs; surely this testimony would not prejudice a defen
 
 *255
 
 dant charged with possession with intent to deliver since the Commonwealth could only rely upon the quantity and packaging of the drug, the presence of paraphernalia, etc. to prove beyond a reasonable doubt that a defendant intended to deliver the drug. The expert’s testimony in the instant case could not have been cumulative since there was no prior testimony regarding any sales of drugs that appellant may have made.
 
 [5]
 
 Hence, we conclude that any prior testimony regarding a defendant’s purchase of drugs would not preclude subsequent police expert opinion testimony regarding that defendant’s possession with intent to deliver.
 

 Second, the expert testimony in the instant case involved subject matter that is beyond the appreciation of the average layperson, who would not be cognizant of the significance of the quantity and form of the cocaine, the empty vials, the single-edge razor blades and the quantity of United States currency seized from appellant.
 

 Third, the cases cited by appellant,
 
 Kozak, supra,
 
 and
 
 Carter, supra,
 
 involved juries. The instant case involved a bench trial. We are confident that a judge, as opposed to a jury of laypersons, possesses the expertise necessary to perceive and discount improper opinion evidence from a police expert regarding a defendant’s intent to deliver. Since none of the errors committed in
 
 Kozak
 
 and
 
 Carter
 
 are present in the instant case, we find appellant’s first claim to be without merit.
 

 Appellant’s second claim is that the trial court erred in sentencing appellant pursuant to the mandatory sentencing provision at 18 Pa.C.S. § 7508(a)(3)(h), since the trial court should have only considered the weight of the “substance” (cocaine), rather than the “mixture” (whatever may have been mixed in with the pure cocaine) in determining appellant’s sentence.
 

 First, we note that appellant did not inform us whether the cocaine seized from appellant was pure or constituted a
 
 *256
 
 mixture. Regardless, this claim is wholly devoid of merit pursuant this Court’s opinion in
 
 Commonwealth v. Lisboy,
 
 392 Pa.Super. 411, 573 A.2d 222 (1990), wherein we held that the weight of a
 
 mixture containing cocaine
 
 is the proper weight to consider in a determination of whether a mandatory minimum sentence must be imposed.
 

 Judgment of sentence affirmed.
 

 [1]
 

 . 35 P.S. § 780-113(a)(30).
 

 [2]
 

 . 35 P.S. § 780-113(a)(32).
 

 [3]
 

 . Appellant is not challenging Officer Boucher’s qualifications as an expert witness; appellant is only alleging that Officer Boucher should not have been permitted to testify regarding appellant’s intent to deliver.
 

 [4]
 

 . Appellant mistakenly refers to the case as
 
 Commonwealth v. Carter.
 

 [5]
 

 . We note that the record contains no indication that appellant sold any drugs; the forgoing reference to any hypothetical sales is for illustrative purposes only.