617 A.2d 1092

**Everton Kenneth George CHANNER**

v.

**STATE of Maryland.**

**No. 281, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 5, 1993.

358

Donna M. Shea, Assigned Public Defender (Reginald W. Bours, III, P.C., on the brief), Rockville, for appellant.

Kathryn Grill Graeff, Asst. Atty. Gen., Baltimore (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Submitted before MOYLAN, BISHOP and DAVIS, JJ.

BISHOP, Judge.

This appeal stems from appellant's second trial in the Circuit Court for Montgomery County on charges of possession of cocaine with intent to distribute, simple possession of cocaine, conspiracy to distribute cocaine, and conspiracy to maintain a common nuisance. The first trial resulted in a mistrial when the jury was unable to reach a verdict. The jury in the second trial convicted appellant of all of the charges. The court merged simple possession into possession with intent to distribute and imposed a prison sentence of ten years with all but 18 months suspended in favor of two years probation. It further merged conspiracy to maintain a common nuisance into conspiracy to distribute cocaine and imposed a concurrent prison sentence of five years with all but 18 months suspended in favor of two years probation.

## Issues

Appellant presents four arguments for our review. He contends, in essence, that

I. the trial court erred by (1) refusing to suppress certain statements appellant made to police without determining if the statements were voluntary, and (2) permitting the State to question a police officer about a statement he overheard appellant make, even though the court had ruled that the statement was inadmissible because it was made before appellant was advised of his rights,

II. the trial court erred by refusing to consider appellant's challenge to the validity of the search warrant,

III. the trial court erred by permitting the State to call a police officer twice during its case, first as a fact witness and second as an expert witness, and

IV. the evidence was insufficient to sustain his convictions.

Finding no merit in any of these arguments, we shall affirm.

### Facts

Appellant was arrested during the execution of a search warrant for an apartment in Silver Spring. At trial, the State presented evidence that, as a team of police officers entered the first apartment, officers stationed outside the apartment found, beneath a window, a bag containing approximately 14 ounces of powdered cocaine and one ounce of crack cocaine. Appellant and a woman were found inside the apartment. A related warrant was executed upon a nearby apartment shortly thereafter. Pursuant to that search, police recovered, among other things, drug paraphernalia and cash.

Police detective Kirk Holub, who applied for the search warrants and assisted in the execution of the warrant at the first apartment, testified that he spoke with appellant at the scene and obtained a written statement from him later at the police station. According to Detective Holub, appellant explained that he and his brother purchased cocaine from a source in Florida, manufactured it into crack cocaine in the first apartment, and distributed it from the second apart-

ment. Appellant admitted that he tossed the bag of cocaine from the window when the raid began.

## Discussion

### I

### Statements to Police

Prior to the first trial, defense counsel timely moved to suppress statements made by appellant to Detective Holub. *See* Md.Rule 4–252 (regarding mandatory motions). The detective was the sole witness at a pretrial hearing on the motion. He testified that he found appellant in a bedroom, that he "basically told [appellant] exactly what was going on," and that appellant indicated that he wanted to talk. The two then went into a bathroom so that they could speak in private. Once inside the bathroom, before any statements were made, Detective Holub advised appellant of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Later at the police station, appellant prepared a written statement. Detective Holub explained that appellant "would write things, and he would hand it to me, ... and basically he was summarizing what he had told me verbally at the scene. I said, well, what about this, and then he would say okay, and he would write it."

At the suppression hearing before the first trial, at the close of the detective's testimony, defense counsel argued that a police report prepared by Detective Holub indicated that appellant said he wanted to "come clean" just before the detective took him into the bathroom and advised him of his rights. Defense counsel asserted: "Clearly that is an incriminating statement when you want to come clean and basically do the right thing.... Clearly, there is interrogation without *Miranda.* Anything that flows from that is equally tainted." (Emphasis added.) Counsel further posited that the detective's "participation in the statement at the police station in the form of directing, vitiates the voluntariness on my client's part. And since the officer couldn't

segregate one portion from the other as to input, I think that is an independent basis for the written statement to be suppressed." The court responded simply: "I think the parts of the law today militates my denying your ... motion at this point." The court did finally deny the motion.

At the first trial, defense counsel attempted to reopen the motion to suppress the statements but was not permitted to do so. After the first trial ended in a mistrial, defense counsel withdrew from the case and was replaced by new counsel. That counsel as well attempted to reopen the matter. At a hearing held prior to the second trial, the request was again denied.

At the start of the second trial, defense counsel informed the court, *inter alia*, that appellant had made a statement to Detective Holub (the "come clean" statement) *before* making the statement in the bathroom. He contended that the original defense counsel was unaware of the "come clean" statement until it was introduced at the first trial. This is patently not supported by the record. In fact, at the suppression hearing before the first trial, appellant's then counsel explicitly argued "in the police report he (Holub) says that he does Mirandize him, but, prior to that, my client says that he wants to tell the truth and come clean on everything." Based on the foregoing incorrect assertion, defense counsel argued that the statement should be suppressed and again attempted to reargue the motion to suppress all of the statements made by appellant. The trial court refused to reconsider the admissibility of those statements that were at issue in the original suppression hearing, but agreed to suppress the statement made before appellant and Detective Holub entered the bathroom because it was made before appellant was advised of his rights. At the State's request, however, the court held that the statement was voluntary and could be used for impeachment purposes. The court commented: "based on what I have heard so far, I haven't heard anything to indicate it wasn't voluntary."

(1)

Appellant now contends that "[t]he voluntariness of all statements made by the appellant remains undecided by any judicial authority." In making this argument, appellant seemingly ignores the record.

"In a criminal cause, when the prosecution introduces an extrajudicial confession or admission given by the defendant to the authorities, the basic rule is that it must, *upon proper challenge*, establish by a preponderance of the evidence that the statement was obtained (1) voluntarily, and (2) in conformance with the dictates of *Miranda* [, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694]." *State v. Kidd*, 281 Md. 32, 34, 375 A.2d 1105, *cert. denied*, 434 U.S. 1002, 98 S.Ct. 646, 54 L.Ed.2d 498 (1977) (emphasis added; footnote omitted). The short answer to appellant's argument, as to the statement he made to Detective Holub in the bathroom, is that it has been waived. Original defense counsel did not pursue the matter at the suppression hearing held prior to the first trial. The voluntariness of the statement made in the bathroom was first raised by replacement counsel at the start of the second trial, and the trial court properly exercised its discretion by refusing to consider it. The fact that a mistrial was declared at the close of the first trial did not nullify the pretrial hearing on the motion to suppress. *See Johnson v. State*, 67 Md.App. 347, 374–76, 507 A.2d 1134, *cert. denied*, 307 Md. 260, 513 A.2d 314, *cert. denied*, 479 U.S. 993, 107 S.Ct. 594, 93 L.Ed.2d 595 (1986) (a court presiding over the retrial of a defendant whose first trial ended in a mistrial did not abuse its discretion by refusing to rehear a motion to suppress evidence that was denied prior to the first trial). "When such a motion has been fully heard and considered and there is no new evidence which was unavailable at the first hearing, the trial judge may exercise his discretion and bind himself by the prior ruling...." *Id.* (quoting *Logue v. State*, 282 Md. 625, 628, 386 A.2d 780 (1978) (a court presiding over the retrial of a defendant who had been granted a new trial properly refused to rehear a motion to suppress evidence

that was denied prior to the first trial)). *Cf.* Md.Rule 4–252(g)(2) (a trial court has discretion to permit or deny a hearing *de novo* on a motion to suppress evidence that was denied prior to trial). It follows that a judge at a second trial may deem an argument waived where, as here, the defendant could have incorporated the argument into a motion to suppress made prior to his first trial but, for whatever reason, failed to do so.

■ Upon a proper challenge, of course, "the record must reflect with unmistakable clarity the trial judge's finding that a statement or confession was, by a preponderance of the evidence, voluntary and made in accordance with *Miranda.*" *Hebb v. State,* 31 Md.App. 493, 496, 356 A.2d 583 (1976). As we have observed, the trial court, at the start of the second trial, expressly found that the statement made just before appellant and Detective Holub entered the bathroom was voluntary, though inadmissible for substantive purposes because appellant had not yet been advised of his rights. As to the written statement made by appellant at the police station, the finding as to voluntariness by the court that heard the motion to suppress prior to the first trial, though not express, was unmistakably clear. The court denied the motion to suppress in direct response to defense counsel's argument that Detective Holub's "participation" in the preparation of the statement "vitiate[d]" appellant's voluntariness.

(2)

■ Over defense counsel's objection, the State was permitted to elicit testimony from a police officer, who was involved in the execution of the warrant at the first apartment, to the effect that he overheard Detective Holub and appellant talking before the two entered the bathroom where appellant was advised of his rights and made a statement. The State did not attempt to elicit the content of what the officer overheard. Appellant points out that the trial court had earlier ruled that the statement he made prior to entering the bathroom was inadmissible because he

had not yet been advised of his rights. He characterizes the State's questioning of the officer who overheard the statement as "a blatant end-around tactic" and contends that the trial court committed reversible error by overruling defense counsel's objection.

Appellant does not challenge the relevance or materiality of the evidence elicited from the officer. He argues only that the evidence "plac[ed] undue emphasis on a statement which was ruled inadmissible" and left the jury "wondering what [appellant] may have said [and] why they did not hear the substance of that statement." We perceive no merit whatsoever in this argument. As the trial court stated in overruling defense counsel's objection to the questioning,

> There is no negative inference in there at all. There is nothing unfair about that. Detective Holub's testimony [was] that he found [appellant] in the bedroom, he got him off of the bed, helped him up off the bed, was talking to him—talked to him and took him into the bathroom. That is the only inference that anybody could draw, and there is really not anything negative and it is not prejudicial at all.

## II

### Search Warrant

Appellant next complains that the trial court erred by refusing to hear argument on a motion to suppress evidence seized pursuant to the search warrant—presumably for the first apartment—because the warrant was invalid. Defense counsel first attempted to argue this motion at a hearing held prior to the second trial, but the judge presiding over the hearing advised counsel to refer the matter to the trial judge.

■ In broaching the matter before the trial court, defense counsel conceded that although, pursuant to Md.Rule 4–252(a), original defense counsel had filed a written motion prior to the first trial that was broad enough to encompass the validity of the warrant, he had elected not to pursue the

matter at the pretrial hearing. Thus, it is apparent that, as in the case of the voluntariness of the statement made in the bathroom, the argument has been waived. As we explained *supra,* at 363–364, just as a judge presiding over a defendant's second trial may exercise his discretion by refusing to reconsider a motion to suppress that was fully heard before the first trial, the judge need not consider a motion to suppress, or an issue raised therein, that was not timely argued during the motions hearing before the first trial. On the record before us, we perceive no abuse of discretion in the court's refusal to consider the motion.

## III

### Testimony of Investigating Officer

The trial court permitted the State to present Detective Holub's testimony in two parts. At the start of the State's case, the detective was called as a fact witness regarding the arrest of appellant, the statements made by appellant, and the execution of the search warrant at the apartment where appellant was found. The State then called additional fact witnesses who testified regarding other evidence gathered at both the apartment where appellant was found and the other apartment that was targeted in the investigation. Thereafter, Detective Holub was recalled to the stand and was qualified as an expert on drug trafficking. He was then questioned, in essence, regarding the significance of all of the evidence gathered in the case.

Appellant suggests that one person cannot properly serve as both a fact witness and an expert witness in the same trial. He complains that the "bifurcation" of Detective Holub's testimony permitted "Detective Holub to, in effect, verify and corroborate his own earlier fact testimony...." Appellant further asserts that, by allowing the "unusual sequence of testimony by the same witness," the trial court somehow "ratified the testimony of Detective Holub for the jury and invaded the jury's province."

██ Contrary to appellant's suggestion, police officers who investigate drug crimes are frequently called upon to testify regarding the evidence they gathered in a particular case, then to explain, based on their expertise in the field of drug investigations, the significance of the evidence. In short, they are asked to be both fact witnesses and expert witnesses in the same case. *See, e.g., Armstrong v. State,* 69 Md.App. 23, 28–29, 515 A.2d 1190 (1986), *cert. denied,* 309 Md. 47, 522 A.2d 392 (1987); *Grant v. State,* 55 Md. App. 1, 29–30, 461 A.2d 524 (1983); *Winkles v. State,* 40 Md.App. 616, 621–23, 392 A.2d 1173 (1978), *cert. denied,* 284 Md. 751 (1979); *Kohr v. State,* 40 Md.App. 92, 105, *cert. denied,* 283 Md. 735 (1978); *Couser v. State,* 36 Md.App. 485, 500 (1977), *aff'd on other grounds,* 282 Md. 125, 383 A.2d 389, *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978).

██ "Whether a party may recall a witness for further direct or cross after he or she has conducted direct or cross-examination of the witness is within the trial court's discretion." 5 Lynn McLain, *Maryland Evidence* § 300.2 at 141 (1987). In requesting permission to present Detective Holub's testimony in two parts, the prosecutor explained, in essence, that the detective would relate the first events that transpired when the warrant was executed at the first apartment. Other witnesses would testify as to subsequent events involving both apartments, then Detective Holub's expert testimony would tie those events together. The prosecutor explained, that "[w]hen you split it, ... [i]t just moves a lot smoother and is not so confusing for the jury." The trial court granted the request and commented: "I think that on balance it is not prejudicial or unfair to a defendant to have the same witness testify twice on different issues, it seems to me, as long as he doesn't repeat or reemphasize what he testified to as a fact witness. I don't think there is any prejudice."

Our review of the record satisfies us that Detective Holub did not, as appellant contends, reiterate his fact testimony when he testified as an expert witness. Nor did

the procedure in any way suggest that the court ratified the detective's testimony. The court did not abuse its discretion.

## IV

### Sufficiency of the Evidence

 Finally, appellant argues that the evidence failed to support his convictions. He asserts that his convictions for simple possession of cocaine and possession of cocaine with intent to distribute must fall because no contraband was seized from his person and there was no evidence that he had knowledge of the contraband found elsewhere. The convictions for conspiracy to distribute cocaine and conspiracy to maintain a common nuisance must fall, he posits, because there was no evidence of a "combination" with any other person.

Appellant's arguments are based on the premise that his statements to Detective Holub were improperly admitted into evidence. As we have explained, however, that premise is faulty. In his statements, appellant admitted that, at the start of the raid, he tossed a bag containing cocaine from a window of the first apartment. Appellant further admitted that he and his brother were using the two targeted apartments to manufacture and distribute drugs. On the record before us, we are satisfied that *"any* rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *McMillian v. State,* 325 Md. 272, 289–90, 600 A.2d 430 (1992) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) (emphasis *Jackson* Court's).

JUDGMENTS AFFIRMED; APPELLANT TO PAY THE COSTS.