278 N.J. Super. 69 (1994)
650 A.2d 385
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALMONTE JACKSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1994.
Decided December 15, 1994.
*71 Before Judges VILLANUEVA, WEFING and BILDER.
*72 Susan M. Chagrin, Assistant Deputy Public Defender, argued the cause for appellant (Susan L. Reisner, Public Defender, attorney; Ms. Chagrin of counsel and on the brief).
Gary H. Schlyen, Chief Assistant Prosecutor, argued the cause for respondent (Ronald S. Fava, Passaic County Prosecutor, attorney; Mr. Schlyen of counsel and on the brief).
The opinion of the court was delivered by BILDER, J.A.D. (retired and temporarily assigned on recall).
Following a jury trial, defendant Almonte Jackson was found guilty of possession of cocaine, N.J.S.A. 2C:35-10a(1), possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a(1) and b(3), and possession of cocaine with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7. The simple possession and distribution convictions were merged into that for possession with intent to distribute within 1000 feet of school property for which defendant was sentenced to a custodial term of 5 years with a minimum of 3 years. Appropriate fines, penalties, and driver's license suspension were also imposed.
About 2:30 a.m. on October 10, 1991, while on routine patrol, members of the Paterson Narcotics squad saw a male, later identified as defendant, hand an object to a female. Because it looked like a drug transaction to the two detectives, they pulled their unmarked car across the curb where the two were standing to investigate; the woman walked one way and the man turned as if to walk away in the other direction. The officers stopped the defendant and in his left hand found a piece of brown paper containing 9 pieces of crack cocaine.[1] In his right hand was $8 in cash. The incident took place within 1000 feet of School # 6.
In his brief on appeal defendant makes the following contentions:

*73 POINT I BECAUSE TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS, DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN CONTRAVENTION OF HIS CONSTITUTIONAL RIGHTS, ENTITLING HIM TO A REMAND FOR A SUPPRESSION HEARING. (Not Raised Below).
POINT II THE TRIAL COURT ERRED IN PERMITTING DETECTIVE HOWE TO RENDER EXPERT TESTIMONY ON THE ISSUE OF INTENT TO DISTRIBUTE NARCOTICS SINCE HOWE DID NOT MEET THE QUALIFICATIONS REQUIRED OF AN EXPERT AND INTERPRETATION OF THE FACTS IN THE CASE DID NOT REQUIRE SPECIALIZED EXPERTISE ON NARCOTICS TRAFFICKING. (Partially Raised Below).
POINT III DEFENDANTS RIGHT TO DUE PROCESS OF THE LAW WAS DENIED BECAUSE OF THE OVERWHELMING PREJUDICIAL EFFECT OF PERMITTING THE ARRESTING OFFICER, DETECTIVE HOWE, TO TESTIFY AS BOTH A FACT WITNESS AND AS AN EXPERT ON THE ISSUE OF INTENT TO DISTRIBUTE COCAINE.
POINT IV THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE ELEMENT OF INTENT TO DISTRIBUTE DRUGS; CONSEQUENTLY THE CONVICTIONS ON COUNTS TWO AND THREE MUST BE VACATED. (Not Raised Below).
POINT V THE RULING THAT THE TESTIMONY OF DEFENDANT COULD BE IMPEACHED WITH HIS PRIOR CRIMINAL CONVICTIONS FOR THEFT OFFENSES COMMITTED IN 1978, 1980 AND 1982, VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL.
POINT VI THE CUSTODIAL TERM IMPOSED FOR THIS OFFENSE WAS UNSUPPORTED BY THE STATUTORY AGGRAVATING AND MITIGATING FACTORS FOUND, AND SEVERAL APPLICABLE MITIGATING FACTORS WERE NOT CONSIDERED. THIS TERM SHOULD BE MODIFIED ON APPEAL.

I.
Defendant contends the seizure of the drugs was the product of an illegal search and should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Because no motion was made to suppress the seizure, defendant raises the issue in the context of ineffective assistance of counsel  the failure to move to suppress amounted to ineffective representation such as deprived him of his sixth amendment right to counsel. See Strickland v. Washington, 466 U.S. 668, 687-690, 104 S.Ct. 2052, 2064-2066, 80 L.Ed.2d 674, 693-695 (1984); State v. Fritz, 105 N.J. 42, 60-61, 519 A.2d 336 (1987).
*74 In order to prevail on a claim of ineffective counsel, defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, supra, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; State v. Fritz, supra. If an ineffectiveness claim can be disposed of on the ground of lack of prejudice, this course should be followed. See Strickland v. Washington, supra, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.
Because there was no suppression hearing, the ineffective assistance of counsel claim asserted by defendant involves matters for which there is not a complete record. Such claims are particularly suited for post-conviction review and have been generally not entertained on direct appeal. See State v. Preciose, 129 N.J. 451, 460, 609 A.2d 1280 (1992). We are satisfied that the matter should be preserved for post-conviction relief and that we should not consider the claim on the basis of the trial record.

II.
In aid of its case, the State produced the testimony of Detective Howe, one of the arresting officers, not only as a fact witness but as an expert regarding narcotics activity and narcotics investigations generally. More specifically, he testified as to how crack cocaine is usually packaged for street sale, how it is sold, its price, and how it is used. He expressed an opinion that an individual with 9 pieces of cocaine and $8 in his hands who has just passed an object to someone else on the street at 2:30 a.m. is holding the cocaine for the purpose of distribution.
Defendant contends the trial judge erred in qualifying Howe as an expert and allowing him to testify as to a subject which the jury could fully understand without expert testimony. Both of these contentions are meritless. As the trial judge noted, Howe had both the requisite experience and training. There was clearly no abuse of discretion. See State v. Moore, 122 N.J. 420, *75 459, 585 A.2d 864 (1991). Defendant's objections really went to the weight to be given to the opinion testimony. We also disagree with the defendant that the information imparted by Howe was a matter of general knowledge as to which the jury needed no help. It is now well established in New Jersey that expert testimony about the packaging of crack cocaine, its street value, characteristics, and use covers a subject beyond the understanding of average persons. See State v. Odom, 116 N.J. 65, 76, 560 A.2d 1198 (1989); Biunno, Current N.J. Rules of Evidence, Comment 4 to N.J.R.E. 702 at 641-642 (1994). We are satisfied that its use here was genuinely helpful to the jury in understanding the evidence presented and determining the issues of fact. Ibid.
Defendant also contends that Howe as the arresting officer and a principal fact witness could not also be used as an expert witness. The notion that the arresting officer, if properly qualified, cannot testify as an expert as well as a fact witness is a non sequitur. The use of fact witnesses as experts is an ordinary incident of many trials. It occurs regularly with doctors, accountants and other professionals who are produced because of their personal knowledge of the controversy and are utilized as experts to render explanations and opinions which will aid the fact finder in areas beyond their normal knowledge or experience. Indeed, the use of a police officer with personal knowledge of an observed narcotics transaction to testify both as an eyewitness and an expert is not only ordinary but has met with specific judicial approval. See U.S. v. de Soto, 885 F.2d 354, 360 (7th Cir.1989); United States v. Young, 745 F.2d 733, 760 (2nd Cir.1984), cert. den. sub nom., Myers v. U.S., 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985); Channer v. State, 94 Md. App. 356, 617 A.2d 1092, 1097 (1993).
In support of his challenge to the use of Howe as both a fact and expert witness defendant relies on State v. Odom, supra, and a Pennsylvania case, Commonwealth v. Carter, 403 Pa.Super. 615, 589 A.2d 1133 (1991), appeal denied, 528 Pa. 621, 597 A.2d 1151 (1991).
*76 There is nothing in State v. Odom, supra, which disables a fact witness, if otherwise qualified, to testify as an expert. Odom does no more than bar an expression of opinion as to defendant's guilt or innocence, id., 116 N.J. at 79, 560 A.2d 1198,  a matter which is exclusively for the jury. Howe's testimony did not impinge upon this jury prerogative.
[A]s long as the expert does not express his opinion of defendant's guilt but simply characterizes defendant's conduct based on the facts in evidence in light of his specialized knowledge, the opinion is not objectionable even though it embraces ultimate issues that the jury must decide.
[Ibid.]
Although at first blush Commonwealth v. Carter, supra, would seem to hold that an officer who has observed a drug transaction cannot testify both as a fact and expert witness, examination of the opinion discloses that this is at best doubtful dicta. In Commonwealth v. Carter police officers arrested the defendant following a surveillance during which they observed a series of drug transactions.
[Officers Provident and Wilson] testified that [defendant] walked up to [three different stopped cars outside of a bar which is in an area known for narcotics trafficking], engaged the occupants in a brief conversation, and then the cars drove away. [Defendant] was then observed removing an object from a black container in a vacant lot and returning to the street. [Defendant] then approached the same automobiles, which had returned to the area, and exchanged something with the occupants. Further, [defendant] was observed entering the bar after approaching the stopped automobiles. Each detective observed [defendant] engaging in this conduct with the occupants of three or four automobiles before he was arrested by the police. Detective Wilson subsequently retrieved the black container  a film container  from the vacant lot, and it was found to contain twelve yellow balloon packets of heroin.
[Id., 589 A.2d at 1133]
After testifying as to these facts, Detective Provident was asked, based on his training and experience, if he had an opinion concerning what activity was transpiring, whereupon he expressed his belief that defendant was dealing narcotics. Id. at 1134.
The Pennsylvania court found the admission of this expert opinion to be error.
We hold that this opinion was cumulative and prejudicial. The facts presented were easily assessed by an ordinary layperson, and in making the necessary *77 inferences from these facts, the assistance of one claiming to possess special knowledge upon the subject was not required. Expert opinion evidence at this juncture encouraged the jurors to shift their focus from determining the credibility of the Officers' eyewitness testimony, and allowed them, instead, to defer to the Officers' expertise as narcotics detectives.
[Ibid.]
The basis of the court's opinion was clearly that "opinion testimony is proper only where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror," ibid., that Detective Provident's opinion was "exclusively based on his own observations to which he had already testified before the jury," id. at 1135, that "[i]f the jury believed [Provident's] testimony, they could conclude, based on common knowledge of what is happening when one person hands an object to another and in return receives U.S. currency, that a transaction had occurred," ibid., and that if they believed the person had retrieved the object from a container which is later found to contain heroin, they might conclude "using their experience with the ordinary affairs of life" that transaction was a sale of heroin. Ibid. "No special knowledge or insight is required to reach this conclusion." Ibid.
The supposed holding of the case, seized upon by the headnote writers
Therefore, in the case before us where a transaction was observed, the admission of expert testimony concerning the street value of the heroin, the quantities used by addicts, the signs of addiction, and all those areas covered in the Commonwealth's offer of proof in order to establish [defendant's] intent to deliver, as well as the Officer's expert opinion that a drug transaction had taken place was prejudicial error.
[Ibid.]
is much broader than the case permits. When the same court reviewed Carter in Commonwealth v. Brown, 408 Pa.Super. 246, 596 A.2d 840 (1991), appeal denied, 532 Pa. 660, 616 A.2d 982 (1992), it described it thusly:
In Carter, our Court recognized that police officers may give expert testimony, based upon a quantity of drugs in possession of a defendant, regarding whether the facts surrounding the possession were consistent with an intent to deliver rather than for personal use. [589 A.2d at 1133, 1134] However, our Court stated that if police officers observe a "transaction" and there is testimony regarding the *78 observed transaction, a police expert witness may not opine that the defendant involved in that transaction possessed with intent to deliver. Id.

[Id., 596 A.2d at 844]
We are satisfied Carter does no more than hold that the sales nature of a transaction which is fully described by an eyewitness is a matter which is within the understanding of average persons and cannot be the subject of expert testimony. As we have already noted, Howe's testimony involved the packaging of crack cocaine, its street value, characteristics, and use  a subject which we recognize to be beyond the understanding of average persons. See State v. Odom, supra; Biunno, supra.
Though we find no credible case law supporting defendant's proposition, we recognize an intertwining of the roles of the fact and expert witness might create juror confusion and this possibility places a burden on the trial judge to insure the jury is properly instructed as to the dual role of the witness and its function in evaluating the testimony. See U.S. v. de Soto, supra at 360. We also recognize that when a narcotics officer who has given eyewitness testimony with respect to an observed transaction is also offered as an expert to express an opinion that the observed transaction involved the sale of drugs, the dual nature of the testimony can create a special risk that the jury may infer the opinion about the criminal nature of the conduct is based on knowledge of the officer about the defendant beyond the evidence produced at trial. See United States v. Brown, 776 F.2d 397, 401 (2nd Cir.1985), cert. den., 475 U.S. 1141, 106 S.Ct. 1793, 90 L.Ed.2d 339 (1986), another case upon which defendant relies. Suffice it to say in the instant case the jury was fully and properly instructed and the expert evidence given by Howe did not encompass an opinion as the nature of the observed transaction.

III.
Defendant challenges the sufficiency of the evidence to support a finding that he possessed the cocaine with the intent to distribute it. The contention is without merit.
*79 If accepted by the jury, the evidence of the apparent distribution observed by the officers together with the drugs and money found in defendant's hands and the reasonable inferences flowing therefrom, see State v. Mayberry, 52 N.J. 413, 436-437, 245 A.2d 481 (1968), cert. den., 393 U.S. 1043, 89 S.Ct. 673, 21 L.Ed.2d 593 (1969), were sufficient in themselves to permit a finding beyond a reasonable doubt of each of the elements of distribution. The opinion testimony of Howe merely added to and reinforced that evidence.

IV.
Defendant's remaining contentions are clearly without merit. R. 2:11-3(e)(2). The admission of evidence of prior convictions is a matter of judicial discretion. See State v. Sands, 76 N.J. 127, 144, 386 A.2d 378 (1978).[2] Prior convictions should normally be admitted; it is the burden of the defendant to justify the exclusion. Ibid. The trial judge's consideration of the defendant's prior convictions was correct; his ruling was not an abuse of discretion. The sentence is unexceptionable. See State v. O'Donnell, 117 N.J. 210, 215-216, 564 A.2d 1202 (1989); State v. Roth, 95 N.J. 334, 365-366, 471 A.2d 370 (1984).
Affirmed.
NOTES
[1] Laboratory examination disclosed it to be 9 grams of cocaine. At the trial defendant stipulated the laboratory report and the chain of possession.
[2] State v. Brunson, 132 N.J. 377, 625 A.2d 1085 (1993), was decided after this trial.