J-A12017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :  PENNSYLVANIA
                                             :

                 v.                            :

TIMOTHY ARROYO                   :
                                             :

             Appellant       :  No. 1332 EDA 2024

Appeal from the Judgment of Sentence Entered April 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002006-2022

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:               **FILED JULY 3, 2025**

Appellant, Timothy Arroyo, appeals from the judgment of sentence entered on April 18, 2024, in the Court of Common Pleas of Philadelphia County following his convictions after a bench trial for Possession with Intent to Deliver and Knowing and Intentional Possession of a controlled substance.[1] Appellant challenges the admission of certain testimony. After careful review, we affirm.

We glean the relevant factual and procedural history from the trial court opinion. On December 15, 2021, at approximately 3:15 PM, the Philadelphia Police Department's Narcotics Strike Force ("NSF") was conducting surveillance on the 2900 block of Howard Street in the Kensington section of Philadelphia. Officer Brian Outterbridge observed a man, Javier Pagan,

_____

[1] 35 P.S. § 780-113(a)(16) and (a)(30), respectively.

approach Appellant, engage in a brief conversation, and hand Appellant money. Appellant then walked into a blue tent on the sidewalk, returned to Mr. Pagan, and handed him a small object.[2] Backup officers stopped Mr. Pagan once he left the area and recovered an orange stapled Ziplock packet of powder cocaine.

"A few minutes later," Officer Outterbridge observed another man, Gabriel Rodriguez, approach Appellant and hand him money. Trial Ct. Op., 9/3/24, at 2. Appellant again went to the tent, returned, and handed small objects to Mr. Rodriguez. Backup officers stopped Mr. Rodriguez and recovered an orange stapled Ziploc packet of powder cocaine. Officer Outterbridge could not hear the conversations or see the denominations of the money exchanged.

After this transaction, Appellant drove away in a black BMW. Approximately 17 minutes later, he returned to the block, exited the vehicle, and sat on the front steps of a residence. After receiving Appellant's description from Officer Outterbridge, backup officer Anthony Woltman arrested Appellant, searched him, and recovered $650 in cash. Backup officer Michael Robertson searched the tent and recovered 30 pink flip-top containers of crack cocaine.

Appellant proceeded to a bench trial on April 4, 2024. Officers Outterbridge, Woltman, and Robertson testified consistently with the above

_____

[2] The tent consisted of four poles with a blue canopy on the top—it was open on all four sides. N.T. Trial, 4/4/24, at 27.

facts. The officers who recovered the drugs from the buyers did not testify, and instead the parties stipulated to the property receipts, which indicated that both buyers possessed powder cocaine in orange Ziploc packets. Exhibits C-1 & C-4. The Commonwealth did not present any expert testimony.

During Officer Outterbridge's testimony, Appellant lodged the following objections:

> Commonwealth: And how many narcotics arrests have you made over the years?
>
> Officer Outterbridge: Well over a thousand.
>
> Appellant: Your Honor, I'm going to object to relevance. This is, again, a trial about what happened on that date. This is not a motion to suppress. I would argue that this is irrelevant testimony for purpose of the trial.
>
> ****
>
> Commonwealth: Officer, as of December 15th of 2021, did you know any narcotics sales to be made in the area of the 2900 block of North Howard Street in the city and county of Philadelphia?
>
> Appellant: And, Your Honor, I do object to that question as well.[3]
>
> ****
>
> Commonwealth: Officer, you just testified to two transactions you witnessed involving U.S. currency in exchange for a small item.

_____

[3] Appellant objected to the previous question, whether the area was a high-crime area, because that question went "towards a motion and not towards, as far as relevance goes, my client's guilt or innocence. . . .they're trying to get in really evidence without any foundation other than the officer's testimony, that it. . .would be overly prejudicial [and] would outweigh the relevance to the fact finder." N.T. Trial at 17.

- 3 -

What, if anything, did you believe that you were observing at that time?

Officer Outterbridge: I believed I observed a narcotics transaction.

Commonwealth: And what did you base your belief on?

Officer Outterbridge: Based on experience, most narcotic transactions are similar in nature. So it's the repetition of it. You have short conversations. You have some money exchanged, normally for objects.

Appellant: Objection. Your Honor, I'm going to object to this line of testimony. It's not relevant who is the finder of fact or taking the information to determine whether or not these are narcotics transactions. ***At this point the Commonwealth is basically asking the witness to qualify himself as an expert and give an expert opinion as to what he observed.*** Once again, this is not a motion to suppress; this is a trial. And for purposes of a motion to suppress, I could understand this evidence being relevant. However, for trial purposes, you as the finder of fact at the trial are the one that needs to make that determination.

**** 

Commonwealth: Now, would that -- does that give you any impression if a dealer is selling both, the same dealer is selling both [crack cocaine and powder cocaine]--

Appellant: Objection, Your Honor.

Court: Sustained.

Commonwealth: Okay. Have you, in your experience, witnessed a same dealer selling both crack cocaine and powder cocaine?

Appellant: Objection, Your Honor.

Court: Overruled. That one's overruled.

N.T. Trial, 4/4/24, at 15-16; 19; 29-30; 32-33 (emphasis added). With the exception of one, the court overruled each of these objections. ***Id.*** at 16, 19, 31-33.

Appellant testified that he earned approximately $500 per week via direct deposit for his "off and on" work as a home health aide for his uncle, who lived on the 2900 block of Howard Street, and further stated that he earned cash for occasional plumbing work. *Id.* at 61. He explained that, on the date of his arrest, he left his uncle's house to pick up his girlfriend in his black BMW, returned to his uncle's house, and went inside to get money for his uncle's medicine when he was arrested. He also testified that he did not consider $650 to be a lot of money—$234 was for his uncle's medicine and the rest was for daily expenses. Finally, Appellant denied going inside the blue tent or interacting with anyone on the street beyond casual greetings.

The court convicted Appellant of the above charges. On April 18, 2024, the court sentenced Appellant to 3 years of probation.

Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court err (as it conceded) in permitting the Commonwealth to elicit inadmissible expert opinion testimony from Officer Outterbridge, a lay witness?

2. Was the trial court's conceded error harmless?

Appellant's Br. at 3.

We review evidentiary rulings for an abuse of discretion. *Commonwealth v. Thompson*, 106 A.3d 742, 754 (Pa. Super. 2014). An abuse of discretion is "the overriding or misapplication of the law, or the

- 5 -

exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence of record." *Commonwealth v. Harris*, 884 A.2d 920, 924 (Pa. Super. 2005) (citations omitted).

It is well-settled that "[g]enerally, lay witnesses may express personal opinions related to their observations on a range of subject areas based on their personal experiences that are helpful to the factfinder." *Commonwealth v. Berry*, 172 A.3d 1, 3–4 (Pa. Super. 2017). Lay witness opinion testimony is admissible if it is

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. By contrast, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" may offer an opinion if, relevantly, his "scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson[.]" *Id.* at 702(a). Furthermore, "[a]n opinion is not objectionable just because it embraces an ultimate issue" in a case. *Id.* at 704.

In *Commonwealth v. Carter*, we addressed the admissibility of expert testimony where officers observed the appellant conducting narcotics transactions and subsequently recovered the stash. 589 A.2d 1133 (Pa. Super. 1991). During the appellant's jury trial, the court permitted the police

- 6 -

officers to testify as expert witnesses about, *inter alia*, "whether the pattern of activity observed by the police officers was consistent with the usual pattern of narcotics transactions." *Id.* at 1134. This Court, however, concluded that the court had abused its discretion in permitting the officers to testify as experts. *Id.* at 1135. We opined that the jury did not need specialized knowledge to determine whether it believed the officers' testimony about their observations, and thus, the officers' expert testimony was prejudicial, and cumulative. *Id.* at 1134-35. Moreover, we noted that permitting officers to testify as experts would cause the jury to focus improperly on qualifications rather than firsthand knowledge. *Id.* at 1135. However, the Court held that this type of expert testimony is appropriate in cases where officers do not observe transactions. *Id.*

With respect to the harmless error doctrine, "we must vacate the order on review to correct the error unless we are convinced beyond a reasonable doubt that the error is harmless." *Commonwealth v. Murray*, 248 A.3d 557, 576 (Pa. Super. 2021) (citation and internal quotation marks omitted). An error is harmless where

> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Fitzpatrick*, 255 A.3d 452, 483 (Pa. 2021) (citations omitted). In other words, "an evidentiary error of the trial court will be deemed harmless on appeal where the appellate court is convinced, beyond a reasonable doubt, that the error could not have contributed to the verdict." *Commonwealth v. DeJesus*, 880 A.2d 608, 614 (Pa. 2005).

Relevantly, where a defendant opts for a bench trial, "a judge [as factfinder], as opposed to a jury of laypersons, possesses the expertise necessary to perceive and discount improper opinion evidence from a police expert[.]" *Commonwealth v. Brown*, 596 A.2d 840, 844 (Pa. Super. 1991). The court, as factfinder, "presumptively is capable of disregarding inadmissible evidence and considering only relevant and competent evidence." *Commonwealth v. Neal*, 713 A.2d 657, 662 (Pa. Super. 1998).

*

Appellant agrees with the trial court's concession that it was an abuse of discretion to allow Officer Outterbridge to offer the above testimony. Appellant's Br. at 16-17. He further asserts that the Commonwealth failed to meet its burden to establish that the error was harmless beyond a reasonable doubt because the evidence at trial was not overwhelming and this testimony was necessary to overcome weaknesses in the evidence. *Id.* at 17-18, 20-21. Specifically, he notes that Officer Outterbridge's descriptions of the transactions were "extremely vague" and the drugs in the stash did not match the drugs recovered from the buyers, and he argues that Officer Outterbridge's testimony filled these gaps. *Id.* at 20. He also cites other

perceived weaknesses in the evidence, such as the lack of explanation why he left his stash unattended in the tent, and the lack of testimony that the packaging of the drugs recovered from the two buyers matched.[4] *Id.* at 20-21. Relatedly, Appellant asserts that the court's disbelief of his testimony is insufficient to convict him—the Commonwealth must still meet its burden to affirmatively establish his guilt. *Id.* at 22 (citing **Commonwealth v. Torres**, 766 A.2d 342, 345 (Pa. 2001)).

In support, Appellant explains that **Brown**, which held that the court, as fact-finder, could discount improper opinion evidence, is distinguishable because the court did not indicate that it disregarded the inadmissible testimony completely. *Id.* at 18-19 (citing 596 A.2d at 840). He maintains that the testimony at issue is similar to that in **Carter**, because, like in **Carter**, police testified to observed transactions, and thus expert testimony—or lay testimony emphasizing the officer's experience and knowledge—was unnecessary, cumulative, and prejudicial. *Id.* at 22-25. Finally, he notes that the Commonwealth emphasized this testimony in its closing argument. *Id.* at 25-26.

The trial court conceded that it should not have permitted Officer Outterbridge to testify about his experience when he was not qualified as an expert witness. Trial Ct. Op. at 5. However, it determined that the error was

---

[4] The parties had entered a stipulation as to the police department's property receipts, which stated that the cocaine recovered from each buyer was in stapled orange Ziploc packets. Commonwealth's Ex. C-1 and C-4.

- 9 -

harmless because the evidence of Appellant's guilt was overwhelming—the recovery of the same drugs in the same packaging from both buyers that had interacted with Appellant corroborated Officer Outterbridge's credible testimony about his observations. *Id.* at 2, 7. Furthermore, the court noted that it found Appellant's testimony about his activities that day, his employment, and the source of the money on his person not credible. *Id.* at 7-8. Finally, the court explained that, as the factfinder, it could discount improper opinion testimony, and that it did not let that testimony influence credibility or give it "undue weight." *Id.* at 7 (citing *Brown*, 596 A.2d at 844).

Following our review, we agree with the trial court's conclusion, and appreciate the trial court's candor, that it erroneously admitted Officer Outterbridge's testimony. Officer Outterbridge relied on specialized knowledge gained from his experience as an NSF officer to opine that the interactions he observed were drug deals. This constitutes an expert opinion, not a lay opinion, and he was not qualified as an expert witness.[5]

However, the trial court correctly concluded that admitting this testimony was harmless error. The evidence indicated that Appellant conducted exchanges with two buyers who were stopped shortly after, and both had cocaine in the same type of packaging. Therefore, despite the

_____

[5] The Commonwealth cites *Carter* to establish that officers should not give expert testimony on the drug sales that they personally observed, but *Carter* does not address whether officers can give that same type of opinion testimony as a lay witness. Commonwealth's Br. at 10-11 (citing 589 A.2d at 1133-35).

alleged weaknesses cited by Appellant, the evidence presented at trial allowed the court to reasonably infer that Appellant sold cocaine to the buyers, without relying on Officer Outterbridge's improper opinion testimony to reach that conclusion. We have no reason to disbelieve the court's assertion that it "discount[ed] any improper opinion evidence." Trial Ct. Op. at 7. Accordingly, we conclude that the error was harmless, and Appellant is not entitled to relief. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/3/2025