**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Imeen WATSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 8, 2008.
Filed Feb. 7, 2008.
Reargument Denied April 17, 2008.

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: KLEIN, GANTMAN, and KELLY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Imeen Watson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction for criminal conspiracy.[1] We affirm Appellant's conviction but vacate the judgment of sentence and remand for resentencing.

¶ 2 The trial court opinion introduces the relevant facts of this case as follows:

At approximately one o'clock on the afternoon of March 25, 2005, [Appellant], and his co-conspirator, Tamir Johnson, were observed by undercover police officers, Joseph McCauley and Michael Marska, near 10th and Arizona Streets in the City and County of Philadelphia. The police officers had set up surveillance in an unmarked police vehicle due to suspicions of drug activity in the neighborhood. [Appellant] and his cohort were initially observed sitting on a bench.

Within minutes of their initial observations, the officers witnessed a "buyer" approach Mr. Johnson and hand him U.S. currency. Thereafter, [Appellant] was observed walking to a pole, where he retrieved a small object out of a bag, which he then handed to the "buyer". Similar transactions were observed by the officers on at least five occasions over an approximate thirty minute period. Additionally, during the surveillance, Mr. Johnson was witnessed placing U.S. currency under a brick in the adjacent vacant lot. The officers called for uniform backup and [Appellant] and Mr. Johnson were arrested. Approximately $350 was recovered from beneath the brick and over 15 [grams] of crack cocaine was recovered from the pole where [Appellant] had retrieved the items he gave to the "buyers".

(Trial Court Opinion at 2–3). The Commonwealth charged Appellant with possession of a controlled substance with intent to deliver ("PWID") and criminal conspiracy. On April 6, 2006, Appellant's first trial resulted in a mistrial because the jury was hopelessly deadlocked. A jury convicted Appellant of the criminal conspiracy charge on July 13, 2006, but could not reach a verdict regarding the PWID charge.

¶ 3 On July 18, 2006, the court sentenced Appellant to five to ten years' imprisonment on the conspiracy conviction pursuant to 18 Pa.C.S.A. § 7508(a)(3)(ii),

---

1. 18 Pa.C.S.A. § 903(A).

the enhanced mandatory minimum sentence applicable to the substantive offense of possessing more than ten but less than one hundred grams of substance with intent to deliver. Appellant filed a post-sentence motion challenging the legality of his sentence, which the court denied on July 27, 2006. Appellant timely filed a notice of appeal on August 8, 2006. On October 12, 2006, the court ordered Appellant to file a Rule 1925(b) concise statement of matters complained of on appeal, which he filed on October 24, 2006, along with a request for an extension to file a supplemental statement. The court granted Appellant's request, and Appellant filed a timely supplemental Rule 1925(b) statement on November 9, 2006. Appellant included another request for extension in his November 9, 2006 statement, which the court granted. Appellant timely filed his second supplemental Rule 1925(b) statement on January 8, 2007.

¶ 4 Appellant raises the following issues for review:

DID NOT THE TRIAL COURT ERRONEOUSLY ADMIT EXPERT TESTIMONY THAT THE RECOVERED DRUGS WERE POSSESSED WITH INTENT TO DELIVER?

DID NOT THE TRIAL COURT ERRONEOUSLY IMPOSE A SECTION 7508 MANDATORY MINIMUM SENTENCE ON APPELLANT'S CONVICTION FOR CRIMINAL CONSPIRACY?

(Appellant's Brief at 3).

¶ 5 In Appellant's first issue, he argues Officer McCauley's eyewitness testimony of the offense was enough to show a jury that Appellant was engaged in the sale of drugs. Appellant asserts that under *Commonwealth v. Carter*, 403 Pa.Super. 615, 589 A.2d 1133 (1991), *appeal denied*, 528 Pa. 621, 597 A.2d 1151 (1991), expert testimony is inadmissible where the subject matter is not beyond the understanding of an average layperson. Appellant contends the court erred when it allowed the expert testimony of Detective Palmer in addition to the eyewitness testimony of Officer McCauley, because Officer McCauley's testimony had already established Appellant's "intent to deliver" with respect to the PWID offense. Under *Carter*, Detective Palmer's expert testimony was cumulative and prejudicial as it took the fact-finding responsibility away from the jury. Appellant concludes, he is entitled to a new trial in view of this reversible error. For the following reasons, we disagree.

¶ 6 Our standard of review in cases involving the admission of expert testimony is broad: "Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." *Commonwealth v. Brown*, 408 Pa.Super. 246, 596 A.2d 840, 842 (1991), *appeal denied*, 532 Pa. 660, 616 A.2d 982 (1992) (quoting *Palmer v. Lapp*, 392 Pa.Super. 21, 572 A.2d 12, 15–16 (1990)). An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice. *Brown, supra.*

¶ 7 In PWID cases, regarding evidence of a defendant's "intent to deliver," this Court has said that expert testimony is admissible to prove whether the amount of drugs recovered in the defendant's possession was consistent with an intent to deliver or an intent to posses for personal use. *Commonwealth v. Ariondo*, 397 Pa.Super. 364, 580 A.2d 341 (1990), *appeal denied*, 527 Pa. 628, 592 A.2d 1296 (1991). Nevertheless, expert testimony is inadmissible if the jury can easily comprehend that the drugs recovered were possessed with the intent to deliver without the assis-

tance of an expert. *Carter, supra* at 1135. When the expert's testimony corroborates a drug transaction, which is obvious to an average layperson, it invites the trier of fact to abdicate its responsibility and defer to the assessment of the expert. *Id.*

¶ 8 In *Carter,* the trial court allowed the police officer (who had observed the defendant selling drugs to a number of people) to testify as both a fact witness and as an expert. The police officer first testified as a fact witness regarding what he had observed, and then he was allowed to offer his expert opinion regarding the defendant's "intent to deliver." On appeal, this Court held that an ordinary juror could easily assess the defendant's "intent to deliver" from the facts presented. Thus, the expert opinion was improper. This Court concluded the admission of the police officer's prejudicial and cumulative expert testimony constituted reversible error, because it usurped the responsibility of the fact finder. *Id.* at 1135.

¶ 9 On the other hand, "When the opinion evidence is properly admitted . . . it is then for the jury . . . to determine its credibility. The jury is free to reject it, accept it, or give it some weight between the two.'" *Brown, supra* at 842 (quoting *Commonwealth v. Johnson,* 358 Pa.Super. 435, 517 A.2d 1311, 1316 (1986)). In *Brown,* the defendant was observed buying, but not selling, a large amount of cocaine. This Court held the police officer's opinion testimony was admissible with respect to the defendant's intent to deliver, because of the amount of drugs and paraphernalia found in the defendant's possession. Whether the defendant intended to sell the drugs was a subject matter outside the appreciation of an average layperson. The Court held the expert testimony was necessary to explain to the jury that possession of this amount of co-

caine demonstrated the defendant's "intent to deliver."

¶ 10 Nonetheless, "not all errors at trial . . . entitle an appellant to a new trial, and [t]he harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. . . ." *Commonwealth v. West,* 834 A.2d 625, 634 (Pa.Super.2003), *appeal denied,* 586 Pa. 712, 889 A.2d 1216 (2005) (quoting *Commonwealth v. Drummond,* 775 A.2d 849, 853 (Pa.Super.2001), *appeal denied,* 567 Pa. 756, 790 A.2d 1013 (2001) (internal citations and quotations omitted)). Harmless error exists when:

(1) the error did not prejudice the defendant or the prejudice was *de minimis;* or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; **or** (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Passmore,* 857 A.2d 697, 711 (Pa.Super.2004), *appeal denied,* 582 Pa. 673, 868 A.2d 1199 (2005) (internal citation omitted) (emphasis added).

¶ 11 Instantly, at trial the Commonwealth presented Officer McCauley as a fact witness who observed the transactions by and between Appellant, his cohort, and the "buyers." Officer McCauley testified in great detail regarding what exactly Appellant and his cohort did each time a "buyer" approached them, how they retrieved purple and orange bags from uncapped fence poles, and where they placed the money each "buyer" gave to one of them. The Commonwealth then presented Detective Palmer as an expert witness. Detective Palmer had not observed the

transactions, but based on his background, training, education and experience, the court determined he qualified as an expert on the topic of narcotics sales. (N.T. Trial, 7/12/06, at 52). Detective Palmer testified regarding Appellant's "intent to deliver" the cocaine found in the area where Officer McCauley observed Appellant and his cohort. Detective Palmer stated that the manner in which Appellant and his cohort stored the cocaine in uncapped fence poles and money under a brick near the park bench where they were sitting, constituted a method for selling drugs. Detective Palmer opined that Appellant and his cohort were "spreading the risk" in case they were observed and arrested; Appellant did not have cocaine on his person at the time of arrest. (*Id.* at 55). Detective Palmer described to the court the reasoning behind Appellant and his cohort's actions on the day of arrest. (*Id.* at 53–58).

¶ 12 Here, the trial court relied on *Brown* and distinguished *Carter,* stating Detective Palmer had not "observed" the transactions between Appellant and "buyers"; therefore he was not testifying as both a fact and an opinion witness. Further, the court found Detective Palmer's testimony necessary to establish "intent to deliver," because the subject of selling cocaine and "spreading the risk" is beyond the knowledge, information and skill of an average juror. Arguably, the court erred when it allowed Detective Palmer's expert testimony to illustrate Appellant's "intent to deliver" for purposes of the PWID offense, where Officer McCauley had already testified as an eyewitness to Appellant's participation in the drug sales. *See Carter, supra.*

¶ 13 In any event, the jury was unable to convict Appellant of PWID. Although the jury heard Detective Palmer's testimony, the jury obviously maintained its responsibility and served its function to decide Appellant's "intent to deliver" for purposes of the PWID charge. We conclude, therefore, that Detective Palmer's testimony was harmless error, as it did not unduly prejudice Appellant. *See Passmore, supra; West, supra.*

■ ¶ 14 Next, Appellant argues he was illegally sentenced under Section 7508 as a recidivist who trafficked at least ten (10) but less than one hundred (100) grams of cocaine. Appellant states Section 7508 is triggered by a conviction under 35 P.S. § 780–113(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act ("CSDDCA"). Appellant asserts he was not convicted of any of these substantive provisions; instead, he was convicted of criminal conspiracy, which is not enumerated as a triggering offense. Appellant contends a conviction of the inchoate crime of conspiracy to violate Section 780–113(a)(30) of the CSDDCA is not a violation of Section 780–113(a)(30) itself. Appellant submits that the application of Section 7508 to a non-enumerated offense is to put words into the statute that are not there. Even if there is ambiguity in a penal statute, Appellant claims this ambiguity must be resolved in his favor. Appellant admits that under Section 905 of the Crimes Code, conspiracy usually carries the same grade as the substantive crime, which means Appellant may be subject to the same maximum penalty as Section 780–113(a)(30), but Section 905 does not require imposition of a mandatory minimum sentence under Section 7508. Therefore, Appellant concludes, Section 7508 does not apply to his conviction for criminal conspiracy, and this Court should vacate the sentence and remand the matter for resentencing outside Section 7508. We agree.

■ ¶ 15 "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correc-

tion. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa.Super.2006) (internal citations omitted).

¶ 16 Section 7508 of the Crimes Code provides the sentencing requirements for substantive drug trafficking offenses in relevant part as follows:

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

**(3) A person who is convicted of violating Section 13(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act** where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and

the proceeds from the illegal activity; however, **if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison** and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

\* \* \*

**(c) Mandatory sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentence provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall be available to defendant to which this section applies.

\* \* \*

18 Pa.C.S.A. § 7508(a)(3)(ii), (c) (some internal emphasis added). The statute directs the court to impose an enhanced mandatory sentence when the defendant has violated one of three sections of the CSDDCA, the aggregate weight of the controlled substance *for distribution* is at least ten (10) grams, and, if at the time of sentencing, the defendant has been convicted of another drug trafficking offense. *Id.*

¶ 17 Section 903 of the Crimes Code provides the definition for the crime of criminal conspiracy in relevant part as follows:

**§ 903. Criminal Conspiracy**

(a) **Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

\* \* \*

(e) **Overt act.**—No person may be convicted of conspiracy to commit a crime unless an overt act in pursuant of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 903(a), (e). The statute does not require the defendant to commit the crime to which he is conspiring, but the court must find the defendant took a step toward the commission of the crime. *Id.*

¶ 18 Section 905 of the Crimes Code provides the grading for the crime of criminal conspiracy in relevant part as follows:

§ 905. **Grading of criminal attempt, solicitation and conspiracy**

(a) **Grading.**—Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.

\* \* \*

18 Pa.C.S.A. § 905(a). Under this section, a criminal conspiracy conviction has the same grade as the most serious underlying substantive offense; therefore, a defendant may be subject to the same maximum penalty as an offender convicted of the substantive offense. *Id.*

¶ 19 When a statute, however, is silent as to whether a sentencing provision applies to a violation of Section 903 for criminal conspiracy, the sentencing provision does not apply. *Commonwealth v. Adams,* 760 A.2d 33, 39 (Pa.Super.2000). In *Adams,* the trial court convicted defendant of two counts of delivery of drugs and one count of criminal conspiracy and sentenced him pursuant to the School Zone Enhancement provision for committing the offenses within 1000 feet of a school. *Id.* The statute provided for an additional sentencing penalty for violating Section 780–113(a)(30) of the CSDDCA within 1000 feet of a school, but made no mention of whether the enhanced sentence applied to a conviction for conspiracy to violate Section 780–113(a)(30). On appeal, this Court vacated and remanded for resentencing, holding the enhancement did not apply to inchoate crimes, because the plain language of the sentencing provision limited application of the enhancement clause to "convictions for 35 P.S. § 780–113(a)(14) and (30)." *Id.*

¶ 20 This Court came to a similar conclusion in *Commonwealth v. Young,* 922 A.2d 913 (Pa.Super.2007). The defendant in *Young* was convicted of possession of cocaine, PWID (cocaine), possession of drug paraphernalia, and two counts of criminal conspiracy. The court sentenced the defendant to consecutive sentences for PWID, conspiracy (PWID), and possession of drug paraphernalia. Thereafter, the court modified the overall sentence but reimposed the same consecutive sentences as before for PWID and conspiracy (PWID). Although the defendant's aggregate sentence was significantly reduced, he still challenged the legality of his separate sen-

tence for conspiracy (PWID) with the recidivist enhancement under Section 780–115(a) (providing: "Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state, may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both"). The defendant claimed he was not subject to an enhanced sentenced on the conspiracy (PWID) count, pursuant to Section 780–115 of the Drug Act, as a recidivist. *Id.*

¶ 21 On appeal, this Court strictly construed the applicable statutes as they might apply to a conspiracy conviction and held that the recidivist enhancement provision of the Drug Act did not apply to the inchoate crime of conspiracy to sell drugs. Moreover, the Court said the enhancement provision at issue did not have to specifically exclude inchoate crimes; the enhancement was inapplicable even if the provision was silent as to related inchoate offenses. *Id.* at 918.

¶ 22 We are also mindful of this Court's recent decision in *Commonwealth v. Hoke*, 928 A.2d 300 (Pa.Super.2007). The trial court found the defendant guilty of manufacturing methamphetamine, risking a catastrophe, and possession of drug paraphernalia, as well as conspiracy to commit each of these offenses. *Id.* When sentencing the defendant, the court applied the mandatory minimum drug sentencing provision to both the underlying drug conviction and its companion conspiracy con-

viction. On appeal, this Court upheld the defendant's sentence. *Id.* at 306.

¶ 23 Instantly, a jury convicted Appellant of criminal conspiracy (PWID), but did **not** reach a verdict regarding the substantive PWID charge. The court, however, applied the mandatory recidivist enhancement under Section 7508 for the conspiracy conviction as if Appellant had been convicted of PWID.[2] Section 7508(a)(3)(ii) applies to persons who have been convicted of one of three enumerated offenses; conspiracy is not among the enumerated offenses. Section 7508 does not suggest that the mandatory minimum sentence in that statute was intended to apply to the inchoate crime of criminal conspiracy. *See Young, supra.*

¶ 24 Moreover, Section 905 declares a criminal conspiracy conviction has the same grade as a violation of Section 780–113(a)(30), which means Appellant is subject to the same maximum penalty for conspiracy as an offender convicted under Section 780–113(a)(30). Section 905, however, did not require the court to apply the mandatory minimum under Section 7508 to Appellant's sentence for conspiracy (PWID), where Appellant was convicted **only** of criminal conspiracy (PWID). In sentencing Appellant on his conspiracy conviction to a mandatory sentence for a crime he was not convicted of (PWID), the court effectively read into Section 7508 words that are not there. Accordingly, we affirm Appellant's conspiracy conviction but vacate the judgment of sentence and remand for re-sentencing without application of Section 7508.[3,4]

---

**2.** The court sentenced Appellant under the enhanced mandatory minimum in Section 7508 due to his prior PWID conviction.

**3.** We observe Appellant's arrest took place while he was under supervision. The court may consider that factor during re-sentencing.

**4.** The Commonwealth agrees that re-sentencing is warranted. (*See* Commonwealth's Brief at 1.)

¶ 25 Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction is relinquished.