## Commonwealth v. Phelan

*Joseph Stauffer, deputy district attrney,* for Commonwealth.

*Christopher M. Shipman,* for defendant.

STEINBERG, *J.,* April 6, 2010—On May 5, 2005, the petitioner, Matthew Phelan, was found guilty after a jury trial of theft by unlawful taking[1] (2 counts), receiving stolen property[2] (2 counts), access device fraud[3] (7 counts), and criminal conspiracy.[4] The petitioner was convicted of entering secured lockers at the Bethlehem YMCA and removing cash and credit cards belonging to their members. Those credit cards were then used to purchase various items, including laptop computers, at local businesses. The petitioner was so adept at his crimes that he would access the lockers without leaving any visible damage to the locks, and the credit cards would

---

1. 18 Pa.C.S. §3921(a).
2. 18 Pa.C.S. §3925(a).
3. 18 Pa.C.S. §4106(a)(1).
4. 18 Pa.C.S. §903.

be used before the victims had completed their workouts at the YMCA. On July 14, 2005, the petitioner received a total sentence of not less than six nor more than 12 years in a state correctional institution.

Post-sentence motions were filed on July 22, 2005, and after a hearing thereon, the motions were denied on December 23, 2005. On January 20, 2006, a timely notice of appeal was filed. On September 15, 2006, the judgment of sentence was affirmed by the Superior Court.[5] Thereafter, a petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on March 20, 2007.

The petitioner filed his first petition under the Post Conviction Relief Act[6] (PCRA) on March 19, 2008. It was alleged that Lisa Reinisch, the wife of the co-defendant William Reinisch, would provide testimony that "directly contradicts the incriminating testimony of William Reinisch presented at trial regarding the events at issue."[7] Following three continuances at the request of petitioner's counsel, an evidentiary hearing on that petition was scheduled for December 15, 2008. At that hearing, this court entered an order dismissing the PCRA petition because "the defendant has no testimony to present and has been unable to subpoena the expected witness Lisa Reinisch. . . ."[8] No appeal was filed from that order.

---

5. *Commonwealth v. Phelan,* 237 EDA 2006 (Pa. Super. September 15, 2006).

6. 42 Pa.C.S. §9541 et seq.

7. Motion for post-conviction relief, 3/19/08, ¶9.

8. See order dated December 15, 2008.

A second PCRA petition was filed on January 26, 2010 in which the petitioner contends that he has obtained cellular telephone records that purportedly show that he was not in the vicinity of the crimes. Due to the time-bar provisions of the PCRA, on February 3, 2010, this court issued an order notifying the petitioner of our intention to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907(1) unless the petitioner filed a response within 20 days. A response was filed by counsel for the petitioner on February 22, 2010, in which he acknowledges he possessed the telephone records since November of 2007.[9] Additionally, the petitioner, in that response, attempts to avoid the time-bar by asserting: (1) he was unaware Mr. Reinisch was in custody since November 24, 2008; and (2) the pendency of a "petition for habeas corpus" and a "motion to alter or amend the judgment of the district court in the United States District Court" tolled the jurisdictional time limits of the PCRA.

## DISCUSSION

The time for filing a PCRA petition "including a second or subsequent petition" is within one year of the date the judgment becomes final[10] The statutory exceptions in section 9545(b)(1) are limited to the following:

"(i) the failure to raise the claim previously was the result of interference by government officials with the

---

9. "Response of post-conviction relief petitioner, Matthew Ward Phelan, to order of court," ¶2.

10. 42 Pa.C.S. §9545(b)(1), (3).

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

"(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

"(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

Additionally, "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."[11]

Here, the petitioner contends that the newly discovered evidence exception to the timeliness requirement applies under 42 Pa.C.S. §9545(b)(1)(ii). See *Commonwealth v. Johnson,* 945 A.2d 185 (Pa. Super. 2008). Under this exception, the petitioner, to avoid the time-bar, must plead and prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. *Commonwealth v. Bennett,* 593 Pa. 382, 392-93, 930 A.2d 1264, 1270 (2007). See also, *Commonwealth v. Taylor,* 933 A.2d 1035, 1040-41 (Pa. Super. 2007) (A petitioner fails to meet his burden when the facts asserted were merely unknown to him. A petitioner must also explain why his

---

11. 42 Pa.C.S. §9545(b)(2).

asserted facts could not have been ascertained earlier with the exercise of due diligence.).

The petitioner's current petition was filed more than two-and-one-half years after the judgment of sentence became final on June 18, 2007. The reasons for failing to file the second PCRA petition until this year fall far short of the due diligence requirement. In particular, upon the petitioner's request, this court entered an order on December 21, 2006, requiring Verizon Wireless to provide to the petitioner the cellular telephone records of the petitioner for January 29, 2004 and January 30, 2004, the dates of the crimes. The petitioner admits that these cellular telephone records were accessible to him, and were in fact in his attorney's possession since November of 2007. A time period of more than two years elapsed between when these records were actually turned over by Verizon Wireless and when the second PCRA was filed. Clearly, this petition was filed outside the 60-day parameter set forth in section 9545(b)(2). Furthermore, Mr. Reinisch was in custody since November of 2008 and a review of the petitioner's documentation demonstrates that the exception provisions are inapplicable. See *Commonwealth v. Chester,* 586 Pa. 468, 473, 895 A.2d 520, 523 (2006). (Newly discovered evidence exception not applicable where trial counsel's arrest and prosecution for DUI was a matter of public record and, therefore, accessible by the petitioner.)

The petitioner also contends that the PCRA time limits were tolled between January 22, 2009 and December 29, 2009, by the pendency of a "petition for habeas corpus" and a "motion to alter or amend the judgment of

the district court" in the United States District Court.[12] This argument is without merit. The Pennsylvania Supreme Court in *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999), rejected the argument that the time for filing a PCRA is tolled while an appellant pursues federal habeas corpus relief. The court specifically stated the time limitations established in the PCRA are jurisdictional in nature and are not subject to the doctrine of equitable tolling, "save to the extent the doctrine is embraced by section 9545(b)(1)(i)-(iii)." *Id.* at 329, 737 A.2d at 222. The court reasoned that "[t]o allow tolling of the PCRA's time limitations where a writ for federal habeas relief has been filed would undermine the federal policy of initial state review, and in fact, would encourage initial review in the federal system." *Id.* at 330, 737 A.2d at 223. See also, *Commonwealth v. Lambert,* 765 A.2d 306 (Pa. Super. 2000).

The next obstacle facing the petitioner is the standard of review applied to his second PCRA petition. The petition "will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Burkhardt,* 833 A.2d 233, 236 (Pa. Super. 2003), quoting *Commonwealth v. Carpenter,* 555 Pa. 434, 447, 725 A.2d 154, 160 (1999). The petitioner has failed to demonstrate that "the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.,*

---

12. Second motion for post-conviction relief, 1/26/10, ¶9.

quoting *Commonwealth v. Morales,* 549 Pa. 400, 409-10, 701 A.2d 516, 520-21 (1997). The petitioner engaged in a scheme with his co-defendant William Reinisch where the petitioner stole money and credit cards and William Reinisch used the credit cards to make purchases. The facts demonstrate that the petitioner is neither innocent, nor the victim of proceedings that resulted in a miscarriage of justice. The petitioner's convictions for theft by unlawful taking, receiving stolen property, access device fraud, and criminal conspiracy offenses "reflects the reality that the accused is entitled to a fair trial, not a perfect trial. . . ." *Commonwealth v. Watson,* 945 A.2d 174, 177 (Pa. Super. 2008), quoting *Commonwealth v. West,* 834 A.2d 625, 634 (Pa. Super. 2003).

Finally, there is no absolute right to an evidentiary hearing. The PCRA court can decline to hold a hearing if the court, "upon review of the motion, answer, and other matters of record, is satisfied that there are no genuine issues of material fact and that relief is not warranted." *Commonwealth v. Hardcastle,* 549 Pa. 450, 454, 701 A.2d 541, 542 (1997); *Commonwealth v. Johnson,* 945 A.2d 185, 188 (Pa. Super. 2008).

Based on the foregoing, this court lacks the jurisdiction to hear the petitioner's petition for relief under the PCRA because the petitioner is time barred. Accordingly, the second PCRA petition is denied.

## ORDER

And now, April 6, 2010, upon consideration of the petitioner's "second motion for post-conviction relief"

filed on January 26, 2010; it appearing that on February 3, 2010 this court provided notice to the parties of our intention to dismiss the petition without a hearing unless the petitioner responded within 20 days; it further appearing that counsel for the petitioner filed a "response of post-conviction relief petitioner, Matthew Ward Phelan, to order of court" on February 22, 2010; it further appearing that after consideration of that response, as well as the entire history of this case, the current PCRA petition is untimely pursuant to 42 Pa.C.S. §9545(b) and this court lacks jurisdiction to consider the petition; and it further appearing that the petitioner has failed to make a strong prima facie showing to demonstrate that a miscarriage of justice may have occurred entitling him to a hearing on a second PCRA petition; it is hereby ordered for the reasons explained in the attached opinion that the petitioner's "second motion for post-conviction relief" is dismissed.

The petitioner is advised that he has the right to appeal this order to the Superior Court of Pennsylvania by filing a notice of appeal with the clerk of courts, criminal office of Lehigh County within 30 days of the date of this order. The clerk is directed, pursuant to Pa.R.Crim.P. 907(4), to forward a copy of this order and opinion to the petitioner by certified mail, return receipt requested at SCI Mercer, I.D. no. GG9571, 801 Butler Pike, Mercer, PA 16137 and Attorney Christopher Shipman, I.D. no. 79385, 318 Spring Garden Street, Easton, PA 18042.