J-S14007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| BALDEV SINGH | : | |
| | : | |
| Appellant | : | No. 1431 MDA 2016 |

Appeal from the Judgment of Sentence June 21, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003902-2015

BEFORE: GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 27, 2017**

Appellant, Baldev Singh, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his jury trial convictions of two counts each of robbery and simple assault, and one count each of sexual assault, intimidation of witnesses or victims, terroristic threats, and stalking.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3701(a)(1)(iv), 2701(a)(1), 2701(a)(3), 3124.1, 4952(a)(3), 2706(a)(1), and 2709.1(a)(3), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

BY PERMITTING THE TESTIMONY OF DR. SHAMITA DASGUPTA INSOFAR AS HER TESTIMONY EXCEEDED THE SCOPE OF HER QUALIFICATION AS AN EXPERT IN "SEXUAL ABUSE VICTIM BEHAVIOR AND RESPONSE TO TRAUMA" UNDER 42 PA.C.S.[A]. § 5920 AND INCLUDED HIGHLY PREJUDICIAL STATEMENTS REGARDING PERPETRATOR BEHAVIOR?

DID THE TRIAL COURT ERR BY FAILING TO INSTRUCT THE JURY AS TO THE PERMISSIBLE LIMITS OF DR. [SHAMITA] DASGUPTA'S EXPERT TESTIMONY PURSUANT TO 42 PA.C.S.[A]. § 5920?

(Appellant's Brief at 10).

Our standard of review in cases involving the admission of expert testimony is as follows:

Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion. An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice.

*Commonwealth v. Watson*, 945 A.2d 174, 176 (Pa.Super. 2008) (internal citations and quotation marks omitted).

Similarly, our standard of review of a court's decision to include or omit jury instructions "is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Baker*, 24 A.3d 1006, 1022 (Pa.Super. 2011), *aff'd*, 621 Pa. 401, 78 A.3d 1044 (2013) (quoting *Commonwealth v. Galvin*, 603 Pa. 625, 651, 985 A.2d 783, 799 (2009), *cert. denied*, 559 U.S. 1051, 130 S.Ct. 2345, 176 L.Ed.2d 565 (2010)). "The trial court has broad

discretion in formulating jury instructions, as long as the law is presented to the jury in a clear, adequate, and accurate manner." *Commonwealth v. Lukowich*, 875 A.2d 1169, 1174 (Pa.Super. 2005), *appeal denied*, 584 Pa. 706, 885 A.2d 41 (2005).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Patrick T. Barrett, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed October 28, 2016, at 10-17) (finding: **(1)** Appellant objected to Commonwealth's proposed testimony pursuant to Section 5920 because Appellant believed testimony would not provide guidance to jury on particular charges against Appellant; court overruled defense objection, and Commonwealth presented expert testimony of Dr. Dasgupta, who specializes in domestic violence and sexual abuse in Indian culture; Dr. Dasgupta provided general testimony on disclosure of sexual abuse, which included explanation of how importance of marriage in Indian culture could delay disclosure of marital sexual abuse; Dr. Dasgupta specifically opined there is no typical response to sexual abuse in Indian culture; this testimony was within confines of Section 5920 because Dr. Dasgupta merely offered general opinion about disclosure of sexual abuse and did not offer any opinion on credibility of Victim in this case; additionally, Dr. Dasgupta's testimony was helpful to jury because it

-S14007-17

explained dynamics of sexual abuse in Indian culture; under these circumstances, Appellant's challenge to scope of Dr. Dasgupta's testimony fails; moreover, Appellant waived his challenge to Dr. Dasgupta's testimony because he failed to object at appropriate time at trial or provide specific examples of how Dr. Dasgupta's testimony exceeded the scope of Section 5920; thus, Appellant's challenge to Dr. Dasguta's testimony warrants no relief; **(2)** Appellant did not ask court to instruct jury on permissible limits of expert testimony under Section 5920; Appellant also failed to object when court gave jury instruction on expert witness testimony; further, court issued jury instruction on effect of delayed reporting on assessment of Victim's credibility; Appellant requested no further jury instruction on this issue; thus, Appellant waived his challenge to court's jury instruction). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017

- 4 -