J-S36010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELI O. GOMEZ | : | |
| | : | |
| Appellant | : | No. 3035 EDA 2016 |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007943-2014

BEFORE:  PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.          **FILED SEPTEMBER 12, 2018**

Eli O. Gomez appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions for aggravated assault, simple assault, endangering the welfare of children ("EWOC"), recklessly endangering another person ("REAP"), and conspiracy.[1] This Court previously affirmed Appellant's judgment of sentence based on what we believed was his failure to ensure that trial transcripts were included in the certified record. On remand from the Pennsylvania Supreme Court, *see* Order No. 525 EAL 2017 (Pa., filed April 18, 2018), we revisit the issue of the missing transcripts. Upon further review, we find the record contains some evidence the transcripts were filed, and that their absence in the record likely reflects a breakdown in the court system rather than a failing on Appellant's

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 4304(a)(1), 2705, and 903, respectively.

part. Thus, rather than remand to the trial court for an evidentiary hearing, in the interests of judicial economy we have ordered the transcripts, and review Appellant's issues on the merits as follows.

The relevant facts and procedural history of this case are as follows. Appellant's girlfriend and codefendant, Wilmarie Santiago, left her three children in Appellant's care while she ran errands. When she returned, Appellant told her that her two-year-old, T.Q., had fallen down the stairs. The child was unresponsive. Ms. Santiago took T.Q. to the hospital, where she was rushed into surgery. The medical diagnosis was inconsistent with the child having fallen down the stairs. T.Q.'s organs were crushed against her spine and ribs, and she suffered from critical injuries to her lungs, liver, bowel, and pancreas. T.Q.'s injuries were so severe that her attending physician stated she "would have died without treatment." N.T. Trial, 1/6/16, at 19.

Ms. Santiago gave several statements to investigators, many of which were contradictory. At one point, Ms. Santiago told a Special Victims Unit detective that she had pushed T.Q. down the stairs. Later, Ms. Santiago admitted she had not been truthful, and that she was not home when T.Q. sustained her injuries. She then attempted to blame Appellant's uncle for the incident. Ultimately, Ms. Santiago divulged that Appellant confessed he had caused T.Q.'s injuries, and asked for her help in concealing the crime.

Appellant and Ms. Santiago proceeded to a joint bench trial. Appellant was convicted of the aforementioned crimes, and sentenced to an aggregate 7-14 years' incarceration. He filed a post-sentence motion, which was denied

by operation of law. Appellant then filed this timely appeal, challenging the sufficiency of the evidence presented, and the admission at trial of testimony from T.Q.'s attending physician about how her injuries occurred.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

Further, "the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." *Commonwealth v. Watson*, 945 A.2d 174, 176 (Pa. Super. 2008) (citations omitted).

The trial court, in its October 28, 2016 opinion, thoroughly reviewed the claims on appeal and disposed of all arguments on the merits. We have reviewed the parties' briefs, the relevant law, the certified record, and the well-written opinion of the Honorable Gwendolyn N. Bright. The trial court's opinion comprehensively disposes of Appellant's issues on appeal, with appropriate references to the record and without legal error. Therefore, we affirm on that basis. *See* Trial Court Opinion, dated 10/28/16, at 1-8.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/18

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0007943-2014

**FILED**

v.     OCT 2 8 2016     :

Criminal Appeals Unit
First Judicial District of PA

ELI O. GOMEZ     :

CP-51-CR-0007943-2014 Comm. v. Gomez, Eli O.
Opinion



7518567941

SUPERIOR COURT OF PENNSYLVANIA
3035 EDA 2016

OPINION

BRIGHT, J.

On April 2, 2014, Appellant was arrested and charged with Aggravated Assault, Simple

Assault, Endangering the Welfare of Children, Recklessly Endangering Another Person and

Conspiracy. On January 7, 2016, following a waiver trial before this Court, he was found guilty of

those crimes. On April 14, 2016, Appellant was sentenced to an aggregate term of seven (7) to fourteen

(14) years incarceration followed by eight (8) years consecutive probation. Post-sentence motions were

filed, but were denied by Operation of Law on August 24, 2016. This appeal followed.

Pursuant to Pa.R.A.P. 1925(b), Appellant was instructed to file a Statement of Errors

Complained of on Appeal. Appellant responded complaining that:

1. The evidence was insufficient to support the verdicts of guilty to Aggravated Assault,

   Endangering the Welfare of a Child, REAP, Simple Assault and Conspiracy.

2. The evidence was insufficient to sustain the convictions because it was so inconsistent,

   contradictory and in contravention of the physical evidence.

3. The trial court committed an abuse of discretion by permitting the expert witness presented by

   the Commonwealth to give an opinion about how the victim suffered her injuries because the

   Commonwealth never provided the defense with an expert report in violation of Pa. R. Crim. P.

   573.

FACTS

On February 21, 2014, two (2) year old T.Q. was rushed to St. Christopher's Hospital in Philadelphia suffering from severe internal injuries and bleeding. Her mother, Wilmarie Santiago, the Appellant's girlfriend and co-conspirator, drove the complainant to the hospital and told police and medical personnel that T.Q. had fallen down the steps. Earlier that day, Appellant's girlfriend was moving her furniture and possessions into Appellant's home. After making one trip and while preparing to leave to pick up additional items, she asked the Appellant if he wanted her to take her three (3) children including T.Q. with her. When Appellant told her it was okay to leave the children with him, she left them in his custody. See 1/6/16 N.T. at 52 and 76-77. Upon her return to the house the Appellant called out from the upstairs window that T.Q. had fallen down the stairs. When Appellant's girlfriend reached the child she was laying on a bed upstairs unresponsive. See 1/6/16 N.T. at 77.

Due to the severity of T.Q.'s injuries she was taken into surgery and kept in the hospital in the I.C.U. The next day a detective from the Special Victim's Unit was assigned to investigate the case since the injuries were inconsistent with a fall. The medical diagnosis described the injuries as the result of blunt force trauma to the abdomen which crushed her organs up against the spine or ribs or some other hard surface. See 1/6/16 N.T. at 24.

The detective asked the Appellant and his girlfriend to come with him so he could ask them some questions. The Appellant denied any involvement in the matter stating that the child had fallen down the steps. His girlfriend, the child's mother initially said the complainant had fallen down the steps, but then changed her statement and said that in a fit of anger she had pushed T.Q. down the steps.

At the hospital, upon examination, it was determined that T.Q. had a pancreatic laceration and

2

multiple other injuries, including duodenal hematoma, which is a portion of the upper bowel, injury to other parts of the bowel, the mesentery, a contusion to her lungs, and lab evidence of liver injury, pancreas injury. See 1/6/16 N.T. at 10. The injury to her pancreas was so extensive that half of the pancreas had to be removed. She had so much blood loss that she had to be given a transfusion. T.Q., as a result of her injuries, was not able to eat during much of her hospital stay which lasted until March 8, 2014. See 1/6/16 N.T. at 13-14.

Appellant was the only adult present at the time the complainant was injured. See 1/6/16 N.T. at 20, 65, 111 and 124 and 1/7/16 at 30. He also admitted to his co-defendant that he was responsible for the injuries inflicted on T.Q. See 1/6/16 at 124.

DISCUSSION

In his 1925 (b) statement, Appellant contests the sufficiency of the evidence. When reviewing a challenge to the sufficiency of the evidence, the standard of review is as follows:

> "As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Commonwealth v. Pettyjohn, 64 A.3d 1072, 1074-75 (Pa. Super.2013).

Appellant's first claim is that "[T]he evidence was insufficient to support the charge of aggravated assault because the Commonwealth failed to prove beyond a reasonable doubt that appellant caused the injuries to the victim either intentionally or recklessly." This was a waiver trial and consequently this Court made the necessary factual determinations that supported the verdict. "It is well established that

3

our Court will not reverse a trial court's credibility determination absent the court's abuse of discretion as fact finder." Commonwealth v. Hughes, 908 A.2d 924 (Pa. Super. 2006). The finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. Commonwealth v. Melvin, 103 A.3d 1, 39-40 (Pa. Super. 2014).

In addition to his statement to his co-defendant that he inflicted the injuries to the complainant, this Court found as a fact that he was the sole adult present with the children. Thus the "sole and exclusive custody" doctrine applies to Appellant's case. This doctrine provides that where, as here, an adult is given sole custody of a child of tender years for a period of time and, during that time, the child sustains injuries which unquestionably are neither self-inflicted nor accidental, the evidence is sufficient to allow the fact-finder to infer that the adult having custody inflicted the injuries. Commonwealth v. Paquette, 301 A.2d 837 (Pa. 1973), Commonwealth v. Hart, 501 A.2d 675 (Pa. Super. 1985). A person may be convicted of aggravated assault graded as a first degree felony if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a) (1). "Serious bodily injury" has been defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Appellant's attack on his defenseless victim almost killed her and left her with permanent and substantial damage to her internal organs. This claim is without merit.

Appellant argues that "[T]he evidence was insufficient to support the charge of endangering the welfare of a child because the Commonwealth failed to prove beyond a reasonable doubt that appellant knowingly endangered the victim by engaging in conduct that violated the duty of care, protection and support or that there had been a course of conduct that endangered the welfare of the

4

victim."

Endangering welfare of children is defined as [A] parent, guardian or other person supervising the welfare of a child under 18 years of age... commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support. 18 Pa.C.S.A. §4304(a) (1). Appellant's assaultive behavior while caring for the minor victim overwhelmingly established his guilt. No error occurred.

Appellant argues that "[T]he evidence was insufficient to support the charge of REAP because the Commonwealth failed to prove beyond a reasonable doubt that appellant recklessly engaged in a course of conduct that may have placed another person in danger of death or serious bodily injury." Appellant's near fatal attack on his defenseless victim clearly made out all of the elements of this offense beyond a reasonable doubt.

Appellant avers that "[T]he evidence was insufficient to support the charge of simple assault because the Commonwealth failed to prove beyond a reasonable doubt that appellant intentionally or recklessly caused bodily injury to the victim." A person is guilty of simple assault if he "attempts to cause or intentionally causes bodily injury to another." 18 Pa.C.S.A. §2701(a) (1). Bodily injury is defined as "[I]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. §2301. Based on the complainant's injuries and Appellant's culpability, this claim is meritless.

Appellant claims "[T]he evidence was insufficient to support the charge of criminal conspiracy because the Commonwealth failed to prove beyond a reasonable doubt that appellant entered into an agreement the object of which was to endanger the welfare of a child and because appellant was not charged with that crime." Addressing Appellant's claim that he was not charged with criminal conspiracy, the record belies this argument. Appellant was arrested and charged with these crimes including conspiracy to endanger the welfare of children on April 2, 2014. Following a Preliminary

5

Hearing on July 9, 2014, the court ruled a prima facie case had been established and continued the matter for the preparation of bills of information. Bills of information were filed on July 21, 2014 and Count 2 of the Bills charged the Appellant with Conspiracy – Endangering Welfare of Children. This claim has no merit. Likewise, Appellant's claim that there was insufficient evidence of Conspiracy is meritless. Over a period of weeks, Appellant conspired with his co-defendant to hide Appellant's crimes and even blame them on others. During this time they both threatened and coerced the two (2) other minor children who were present to prevent them from revealing what Appellant had done to their younger sister. This conspiracy also included preventing the children from discussing what had happened with Child Protective Services and the police as well as fabricating a story as to how the injuries occurred. The Commonwealth presented ample evidence to prove Appellant's guilt to all of the charges beyond a reasonable doubt.

Appellant next argues that "[T]he evidence was insufficient to sustain the convictions because it was so inconsistent, contradictory, and in contravention of the physical evidence that no verdict can stand as a matter of due process." This Court assumes that Appellant is raising a "weight of the evidence" claim with this assertion. Unfortunately for Appellant this issue is waived. Appellant did file post-sentence motions alleging that "[T]he evidence was insufficient as a matter of law to establish the defendant's guilty(sic) beyond a reasonable doubt on all charges" and "[T]he verdict was contrary to the law." The law is clear that a "weight of the evidence" claim cannot be raised for the first time on appeal. "We have long held that this Court cannot consider, in the first instance, a claim that the verdict is against the weight of the evidence." See Commonwealth v. Wilson, 825 A.2d 710, 714 (Pa. Super. 2003). Moreover, even if not waived, Appellant would not prevail.

> "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest

consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence. Commonwealth v. Antidormi, 84 A.3d 736,758 (Pa. Super. 2014).

"Importantly, 'a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice.'" See Commonwealth v. Houser, 18 A.3d 1128, 1135-36 (Pa. 2011). This Court does not believe that the verdict reached in this matter would shock the conscience of a reasonable person reviewing the evidence as it was presented at trial. No relief is warranted.

Finally, Appellant alleges that "[T]he trial court committed an abuse of dicretion by permitting the expert witness presented by the Commonwealth to give an opinion about how the victim suffered her injuries because the Commonwealth never provided the defense with an expert report in violation of Pa.R.Crim.P. 573." The expert presented by the Commonwealth was Dr. Marie McColgan. See 1/6/16 N.T. at 4-34.The defense stipulated that Dr. McColgan was an expert in general pediatrics and child abuse pediatrics. See 1/6/16 N.T. at 5 and 22. Contrary to Appellant's assertion, the defense had two (2) reports detailing the history, treatment, diagnosis, and the injuries that the minor sustained. See 1/6/16 N.T. at 5. Moreover, the defense acknowledged that they had been in possession of the reports "for a while." See 1/6/16 N.T. at 6. The objection raised by the defense on Appellant's behalf was that they were not provided with an expert opinion. See 1/6/16 N.T. at 6-7. During the doctor's testimony the following exchange took place:

> **Mr. Sagot:** I have no objection to her expertise. My objection is to the questions that are being asked regarding what injuries and how they occurred.
> **The Court:** Well, she was also one of the treating physicians, so she can testify as to that. She says she saw her a number of times and reviewed the medical records.
> **Mr. Sagot:** Very well,Your Honor. It will be subject to cross examination. See 1/6/16 N.T. at 22.

7

No other relief was sought by the defense.

Rule of Criminal Procedure 573 (E) sets forth the remedies available to trial courts for discovery violations. "The court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances." While this Court did not consider the doctor's opinion that the diagnosis of the child's injuries was physical abuse and inflicted injury to a reasonable degree of medical certainty to be a discovery violation, the fact that no relief under the Rule was sought by the defense precludes an abuse of discretion claim. Furthermore, since the defense had been provided with the reports that were the basis for the doctor's testimony, there was no violation of Rule 573. This claim is without merit.

For the reasons stated, Appellant's allegations of error were denied.

BY THE COURT:

_____  10/28/16

GWENDOLYN N. BRIGHT, J.

8